Simon, J.
delivered the opinion of the court.
Plaintiff, who is the widow of one Thomas ITarrell, alleges that she is in necessitous circumstances, and was so at the timo of the death of her husband, whose estate, according to the inventory, amounts to about twenty thousand dollars; that under the art. 2359 of tho La. Code, she is entitled to take out of his succession, the one fourth thereof in full property, as he left no descendants. She prays that her husband’s mother, brothers and sisters be eited, and that she may be allowed her marital portion to the amount of one fourth of her deceased husband’s estate.
Defendants excepted to plaintiff’s petition and declined answering thereto on the grounds, that they had never been recognized as the legal heirs of the deceased; that an administrator of the succession was appointed without their consent and approbation; that they never were cited to declare whether they would accept or repudiate said succession; that they have no capacity to stand in judgment in relation to the same; and that they are not inpossession of the succession as heirs, &c., &e. These exceptions having been overruled, the defendants answered to the merits and pleaded the general issue ; and the cause having been tried on its merits, the probate judge rendered judgment in favor of the plaintiff, allowing her to recover of the defendants one fourth part of the estate of her deceased husband in full property. From this judgment, defendants appealed.
The inventory of the property left by the deceased, shows that his estate is worth $13020 90; a part of which, to wit, from about thix-teen to eighteen hundred dollars, is proven by parol evidence to be community property, [376] one half of which has never been applied for by the plaintiff. The inventory does not show the amount of the debts which may be owing by the succession ; it does not appear that any settlement of the said succession and community was ever made; so as to liquidate and ascertain the exact amount of the estate of the deceased; and the record shows that the principal matter in controversy between the parties in the court below, was altogether on the sufficiency of the means or resources of the plaintiff, as proceeding from the said community and from the estate of her father.
It is perfectly clear that the action given to the wife by the art. 2359 of the La. Code, to claim her marital portion, when she is in necessitous circumstances, presupposes a liquidation and final settlement of the affairs and debts of the succession, as also of the community which may have existed between *230 her and the deceased; it is only after such liquidation has been made, so as to ascertain the real situation of the estate, that her right of action is open, and that the court to whom the application is made by the surviving spouse, becomes eriabled to determine on tho existence of the two essential and relative facts required by law: that the husband died rich, and that he left his wife in necessitous circumstances. 6 La. Rep. 110.
In this case, the inventory of the succession, showing only the active part of the estate, was taken by plaintiff as the basis of her action; and the judge of probates appears to have predicated his opinion on the supposition that the amount of said inventory afforded him sufficient means to decide on the relative positions of the spouses at the time of the death of the husband: but, in our opinion, this was clearly insufficient. His judgment however does n ot go further than recognizing the right of the plaintiff to recover one fourth part of her husband’s estate; it is silent as to the amount which is to be recovered; [377] but if after a final settlement and liquidation of the succession, it should happen that the whole of it should be exhausted by the payment of the debts, such judgment would then become vain and nugatory.
We think the judge a quo erred. If the estate of the deceased had not been settled and liquidated at the time the suit was instituted, the action was premature and could not be maintained. However it is, there is no allegation in the petition going to show that such final settlement was ever made; it is a prerequisite which cannot be dispensed with, and not the slightest proof has been adduced not only to establish it, but even to show that there was no necessity for any such settlement. We must therefore presume, from the absence of allegations and evidence, that the deceased’s succession has never been settled, and as from the state of the case, it does not appear to us that it is such as to be remanded for a new trial, our judgment must be one of nonsuit against the plaintiff.
' This view of the ease renders it unnecessary to examine defendants’ exceptions, and their motion for a new trial in the lower court.
It is therefore ordered, adjudged and decreed, that the judgment of the probate court be annulled, avoided and reversed, and that there be judgment for the defendants as in case of nonsuit, with costs in both courts.