SIMON DURIAUX *v.* CYPRIEN DOIRON and others, Heirs of Ursule Duriaux, deceased.

The action for the *marital fourth*, given to the surviving spouse by art. 2359 of the Civil Code, pre-supposes a liquidation and final settlement of the succession of the deceased husband or wife. It is only after such liquidation has been made and the real situation of the estate ascertained, that the right of action accrues, and that the court, to which the application is made, can determine as to the existence of the two essential facts required by law to be established, to-wit: that the deceased died rich, and that the survivor is in necessitous circumstances. To maintain such an action the survivor must, consequently, show, either a regular settlement of the estate of the deceased spouse, or that the heirs have received a specific amount of money or property of the succession, which they detain without having made any such settlement.

APPEAL from the District Court of Lafayette, *Boyce*, J.

MORPHY, J. The petitioner, the husband of the late Ursule Duriaux, claims one-fourth of her succession as his marital portion, alleging that he is an aged man of sixty years, in necessitous circumstances; that his wife died, without issue, either from her marriage with him, or her first marriage with Jean Landry, her former husband, and that her succession is worth more than ten thousand dollars. He further alleges that the defendants, who are the collateral heirs of his wife, who brought no dowry into the marriage, have accepted absolutely the succession of Ursule Duriaux, have caused an inventory of the same to be made, and have proceeded to sell it at public auction, excluding him from a participation in the proceedings had for the settlement of the estate; and that by thus disposing of

Duriaux v. Doiron and others.

the property of the succession, and selling it at certain terms of credit, without his consent, the defendants are accountable to him in cash for the share he is entitled to in said succession. The defendants answer that the community of property which heretofore existed between the said Ursule and Jean Landry, her first husband, has never been legally settled ; that Jean Landry, at his death, left all his property in usufruct to his wife, who continued to enjoy the same, subject to all the obligations imposed by law on an usufructuary until the period of her decease, when the legal heirs of the said Jean Landry became entitled to said property ; that all the real and personal property appertaining to the community aforesaid, has recently been sold at public auction, on certain terms of credit ; that the heirs of Ursule Duriaux and of Jean Landry have not yet made a settlement, or adjustment of their respective claims in the succession of the deceased, and that until this be done it is impossible to ascertain the sum to which they may be entitled as heirs of the late Ursule Duriaux, whose estate may ultimately turn out to be of very little importance to them ; that admitting, therefore, the claim of the plaintiff to be well founded, his action is premature, and cannot be maintained. There was a judgment below allowing the plaintiff to recover of the defendants " *one-fourth of the amount of the succession of Ursule Duriaux, in full property, as a marital portion, the same to be ascertained in due course of law, and set apart to him by proceedings for a partition*," &c. From this judgment the defendants appealed.

This case cannot be distinguished from that of *Harrell* v. *Harrell and others*, reported in the 17th La. 375, wherein we held that " the action given by article 2359 of the Civil Code, pre-supposes a liquidation and final settlement of the affairs and debts of the succession ; that it is only after such liquidation has been made, so as to ascertain the real situation of the estate, that the right of action is open ; and that the court, to which the application is made by the surviving spouse, becomes enabled to determine on the existence of the two essential and relative facts required by law : that the deceased *died rich*, and that the surviving spouse *is in necessitous circumstances*. See also, 6 La. 110.

The evidence shows that the second community which lasted about eighteen months, acquired no property, and that its debts are inconsiderable, and that the first one, which existed between Jean Landry and the deceased, has never been settled, as Ursule Duriaux, by the last will of her first husband, was to keep and enjoy all his property during her lifetime. That to effect a partition and settlement between the defendants and the heirs of Landry, a sale of all the property was made, on the 25th of April, 1842. From this settlement it will appear what property belonged to Landry before his marriage, and what was acquired during the community. It does not appear to us, that there has been any unusual tardiness or delay on the part of the defendants. Ursule Duriaux died in the beginning of March, 1842; an inventory was made the same month, and the sale, which took place the following month, produced $10,479 13 3-4. The instalments of this sale are not mentioned in the record, but supposing the property to have been sold on the ordinary terms of credit, they could not have become due in October, 1842, when this suit was brought. The very judgment obtained by the plaintiff below, shows that his action was premature, it leaving him exactly where he was before the institution of his suit, as it merely declares his abstract right to one-fourth of his wife's estate, after its amount shall have been ascertained. This right the plaintiff already had under article 2359 of the Civil Code: but to exercise it effectually, he must show the specific amount of the succession of which he claims one-fourth, either by exhibiting a regular settlement and liquidation of the estate of his late wife, or by proving that her heirs have received a specific amount of money or property belonging to the same, which they detain, without making such settlement or liquidation. In the absence of such evidence, we cannot but consider this action as premature and unfounded.

It is, therefore, ordered, that the judgment of the District Court be reversed, and that there be judgment for the defendants as in case of nonsuit, with costs in both courts.

*Neven, Crow,* and *Porter,* for the plaintiff.

*Voorhies,* for the appellants.

Léglise and others v. Reynolds.

In the case of *Jean Léglise,* and others, v. *Justin Reynolds,* from the District Court of St. Landry, the judgment of the lower court was affirmed, on appeal, at Opelousas, during this term, with five per cent damages.