### MARY P. HARBOUR *v.* J. B. HAYNES, Administrator.

The widow is not bound, under the homestead Act of 1852, p. 172, to postpone her action until the final liquidation of the estate. Such a suit, however, must carry with it a virtual renunciation of the community.

When the widow shows by proof her necessitous circumstances, it is not requisite for her to prove that her husband had no descendants from any prior marriage in order to be relieved from giving the security required of usufructuaries under the Code. 5 An. 265.

APPEAL from the District Court of the Parish of East Feliciana, *McVea*, J. *R. J. Bowman*, for plaintiff. *J. B. & J. J. Smith*, for defendant and appellant.

DUFFEL, J. The plaintiff obtained a judgment against the administrator of the succession of her husband, *John A. Harbour*, under the homestead act of 1852, p. 172, for $950, payable in due course of administration and by preference to all other debts, except those for the vendor's privilege, and the expenses incurred in selling the property.

The administrator appealed.

The administrator pleaded the general issue, but made several points in his brief; we will only notice two, as the others do not properly appertain to a case of this kind.

It is contended, 1st. That, as the law presumes the existence of a community between the petitioner and her deceased husband, the action does not lie until the final liquidation of the said community.

2d. That it was incumbent on the plaintiff not only to show, *as she did*, her necessitous circumstances and the want of issue from her marriage, but that she should have proved that her husband had no descendants from any prior marriage, in order to be relieved from giving the security required of usufructuaries under the code.

On the first point, the widow is not bound to postpone her action until the final liquidation of the estate, as this delay would, in many cases, defeat the very object of the law, which is evidently to afford immediate succor to the indigent; such a suit, however, must, we think, carry with it a virtual renunciation of the community.

On the second point. The plaintiff was not required, under the pleadings, to add anything to her proof. *Marcos* v. *Barcas*, 5 An. 265.

Judgment affirmed.