HIGGINS, Justice.
 

 The widow filed an opposition to the final account of the administrator of her deceased husband’s succession. The opposition was overruled and the account approved and homologated, and opponent appealed from the judgment.
 

 The record shows that the deceased died intestate in
 
 Houston,
 
 Tex.,
 
 on May
 
 19, 1936; that he left as his sole and only-forced heirs a daughter and a son, both majors. These heirs are children of a previous marriage, opponent being the second wife of the deceased. The heirs filed a joint petition on May 21, 1936, praying that the son of the deceased be appointed as administrator. An inventory of the assets of the succession was made under order of court by a notary public on June 1, 1936, showing that deceased left an estate-totaling $4,312.52, consisting of his residence or real estate appraised at the sum. of $3,500, household furniture at $43.75,,
 
 *421
 
 and cash in the bank at $768.77. In due course, letters of administration were issued on June 4, 1936. On June 22, 1936, the administrator filed his final account, praying that the same be published according to law and thereafter duly approved and homologated. The account shows that the ordinary and privileged debts of the succession amount to $768.77, the exact amount of the cash inventoried. The account includes two items totaling $173.59, advanced by Emile Pujol, husband of one of the heirs, and L. Tacón to the administrator and heir, Marcel M. Tacón. The account, as well as the entire succession proceedings up to that time, is silent as to and ignores the widow.
 

 The widow opposed the account, claiming the marital one-fourth under article 2382, Rev.Civ.Code; (2) and, in the alternative, that, as widow in community of the deceased, she be declared entitled to one-half of the cash of $768.77, and also be declared to be the owner of the household furniture and effects inventoried at $43.75, alleging that these movables had been purchased out of her separate funds; and (3) as widow in necessitous circumstances, she alleged that:
 

 “Opponent further opposes the release of the administrator and his said final account, unless and until he shall have recast thereon, the true and right titles and claims of opponent herein to her lawful portion of this estate.
 

 “Opponent reserves the right to file such other or further proceedings as may be necessary or proper to protect her rights in the premises.
 

 “Wherefore opponent prays that this opposition be filed; that after due proceedings had, it be maintained; that the administrator be ordered to recast his account in order to show the true and proper status of opponent herein in connection with this estate, and that there be set aside one-fourth of the entire estate to be delivered over to opponent as her usufruct therein, and if this be not granted in the alternative, she prays that she be awarded one-half of all cash monies left by decedent at the time of his death, as her part of the community, and that she also be awarded all the household effects in the house of said decedent at the time of his death; opponent further prays that her right to file such other or further proceedings as may be necessary or proper to protect her interest as wife and widow of the decedent to be reserved to her.
 

 “The opponent prays for all general and equitable relief.”
 

 The administrator then filed a motion in which he recites the fact that the widow had filed an opposition to the final account, claiming the marital one-fourth, and then alleges that by the final account, the administrator does not propose a final settlement of the succession, nor ask for his discharge “but merely lists all of the bills owed by the succession and proposes the payment thereof, all of which bills are shown in the correct amounts and none of which have been disputed or denied; and on further suggesting that under the circumstances, the said Mrs. Lenora Dupuy Tacón’s claim for the marital one-fourth cannot be properly urged by opposition to the administrator’s account but
 
 *423
 
 must be the subject of a separate and distinct account * * The district judge, based on this motion, issued an order directing the widow, as opponent to show-cause “why the opposition filed by her to the account of the administrator should not be dismissed, without prejudice to her right to bring a proper action for the purpose of asserting her claim to the marital one-fourth, as widow in necessitous circumstances of the late Edward L. Tacón.”
 

 The district judge sustained the administrator’s motion to dismiss the widow’s opposition, on the ground that the claim of the marital one-fourth by the widow under article 2382 of the Revised Civil Code “cannot prevent the just debts of the succession being paid and the rule will be made absolute and the opposition will be dismissed, it showing no right or cause of action and not being urged in accordance with the requirements of law,” by a petition and citation; “with full reservation of her rights, in proper proceedings to claim her one-fourth * *
 

 The trial judge did not pass upon the opponent’s alternative claims of one-half interest in the community and her claim to the household furniture and articles as her separate property and her further claim as a widow in necessitous circumstances, entitled to the widow’s homestead of $1,000. The fact that he did not pass upon those issues is plain, since, in his reasons for judgment, he does not say anything about 'them and dismissed the opposition in toto, treating the motion to dismiss the opposition as an exception of no right or cause of aption. It is apparent to us that the reason why our learned brother below did not pass upon the other issues raised by the opposition was because counsel for the administrator, in his motion to dismiss the opposition, confined his motion to a consideration of the marital one-fourth claimed by the widow under article 2382 of the Revised Civil Code. If his attention had been called to the fact that the widow was asserting additional claims, as shown by her opposition, it is quite certain that the learned trial judge would not have confined his ruling to only the marital one-fourth, and certainly would not have dismissed the opposition in toto without passing upon those other issues.
 

 With reference to the widow’s claim of one-half interest in the cash, as community property, counsel for the administrator, realizing that this issue was not disposed of below, in his brief states: “On this point, we can only say that this claim is totally without merit, as every asset of this succession, including the cash money, was acquired by the decedent before his marriage to appellant; this statement can be supported by competent evidence. However, the appellant made no effort whatever to introduce any evidence or testimony in the lower court to support this contention.”
 

 There is nothing in the record to show that opponent or her attorney had any intention of abandoning her additional claims. If the court’s attention had been called by counsel to the fact that the motion to dismiss the opposition was confined to the marital one-fourth and did not cover the other issues raised in the widow’s opposition, the trial judge would not have dismissed the opposition without deciding all points. But, the entire opposition was
 
 *425
 
 dismissed on the first issue only, and no opportunity, therefore, was afforded to try the others.
 

 The widow promptly appealed and complains in this court as to the correctness of the district judge’s ruling on the first point and his failure -to pass upon the other issues. Furthermore, we could not possibly say that she had abandoned the additional claims, because the administrator’s rule to show cause why her opposition should not be dismissed was confined to the first point or marital one-fourth. The pleadings or rule, therefore, limit the .authority of the district judge to dismiss the opposition only in so far as that particular claim was concerned and not as to the others. If counsel for the administrator had simply had the opposition set for trial,' then the court would have had the entire opposition before it and could have passed upon all of the points.
 

 As to the widow’s claim for $1,000, under the provisions of article 3252 of the Revised Civil Code, we disagree with counsel for the administrator that the allegations of her opposition were not sufficient to present that claim. We have quoted the pertinent part of the opposition with reference to this claim, including the prayer, and while it might be said that it is vague or indefinite, or too general, and that the administrator might have complained on that score, it is clear to us that the allegations, as well as the prayer, are sufficient to entitle her to present that claim. Therefore, an exception of no right or cause of action would have to be overruled so that, even if it be said that the trial judge intended to also pass upon this issue by stating that the opposition did not state a right or cause of action — a view most favorable to the administrator — nevertheless, we would be compelled to disagree with such a ruling. The modern trend of the jurisprudence is to permit amendments in such instances and not dismiss the claim. But, we reiterate that it is our opinion that the trial judge did not intend to pass upon this issue, because his attention was not called to it.
 

 In support of the trial court’s ruling that the widow must proceed by petition and citation in a separate account against the heirs after the estate is finally liquidated and settled, in order to properly claim her marital one-fourth under article 2382, Rev. Civ. Code, counsel for the administrator cites Duriaux v. Doiron, 9 Rob. 101, and Succession of Leppelman, 30 La.Ann. 468. In the latter case, the court said: “The executor objects to the consideration of this question upon the pleadings now before us, for the reason that an opposition to an account is not the proper form for its legal presentation, and that the widow must be remitted to her action against the heirs. That is true, as a general proposition. Harrell’s Case [Harrell v. Harrell], 17 La. 374; Vasseur v. Dupre, 8 La.Ann. 488.
 
 But it will be presently seen that under the facts of this case the reason of that rule ceases,
 
 since there are no children, nor other heirs here or claiming any interest, and the universal legatee is present, is a witness on the trial, and the account filed by the executor exhibits the liquidation, or proposed settlement of the succession.” (Italics ours.) In short, the court recognized an exception to the general rule.
 

 
 *427
 
 In the instant case, the final account of the administrator shows that there is proposed a final liquidation of the estate, and the record discloses that it was the intention of the administrator to recognize, as the sole and only heirs his sister and himself. The fact that there was no opposition to the account, except by the widow, shows that there were no ' other parties claiming any interest. The simple remaining ex parte steps to be taken in the succession were the placing of the heirs in possession and the discharge of the administrator. The proper parties interested were before the court and the demand was made upon the administrators by the widow as required by the express provisions of article 2382 of the Revised Civil Code. We, therefore, conclude that the widow’s pleadings were sufficient to place before the court the question of the merits of .her marital one-fourth, and she was not required to proceed by a separate action, through petition and citation, against the heirs, after the final settlement and liquidation of the succession. The law abhors the multiplicity of lawsuits, and the opposition to the account furnished a simple and definite procedure through which the merits of the widow’s claims could be determined. This was the procedure that was followed in the case of Succession of Morris, 137 La. 719, 69 So. 151, and while the procedural point here presented was not raised there, either in the lower court or this court, 'the case does show that this procedure is considered proper in instances of this kind.
 

 The portion of the opinion of the trial judge in which he points out that the debts are to be deducted from the estate before the widow’s marital one-fourth can be paid and, therefore, she cannot retard payment of those claims by simply claiming the widow’s marital one-fourth, is correct as far as it goes. But, as he did not pass upon the other issues, and since under article 3252, Rev.Civ.Code, she claims a lien and privilege, as the alleged widow in necessitous circumstances, on the movables and immovables of the succession for the payment of $1,000, or widow’s homestead, and her alleged claim primes all of the ordinary claims and most, if not all, of the preferred claims on the final account, it appears to us she would have a right to object to the payment of these items out of the cash to the creditors of inferior rank, when by doing so she would be compelled to wait until the real estate is sold, in order to realize sufficient funds to pay her claim.
 

 For the reasons assigned, it is ordered, adjudged, and decreed that the judgment of the district court overruling the opposition and homologating the final account of the administrator is annulled and set aside, and
 

 It is further ordered, adjudged, and decreed that the case be remanded to the district court for the purpose of having the opposition filed by the widow to the final account tried, according to law and consistent with the views herein expressed; appellee to pay all costs of court,
 

 ODOM, J., dissents.