175 So. 624

Succession of ANDRUS.

No. 34363.

June 21, 1937.

Elmer L. Stewart, of De Ridder, for appellants, heirs of Walter B. Andrus.

Plauche & Stockwell, of Lake Charles, for appellee Belva Andrus.

HIGGINS, Justice.

Mrs. Belva Andrus, as the widow of the deceased, claimed the marital one-fourth under the provisions of article 2382 of the Revised Civil Code, and, in the alternative, the widow's dowry of $1,000, under the provisions of article 3252 of the Revised Civil Code, by opposing the final account of the administrator, who was willing to recognize her as the widow in necessitous circumstances, entitled to $1,000, but refused to place her on the account for the marital one-fourth.

The administrator and the heirs, who had been made parties to the rule filed by the widow against the administrator to show cause why he should not file his final

account and recognize her claims, filed an exception of prematurity on the grounds that she must assert her rights by petition and citation against the heirs after the settlement of the estate. They also filed a general denial.

The exception was overruled and during the trial on the merits, after the claimant had testified that she was the surviving widow of the deceased, and introduced in evidence her marriage certificate, counsel for the administrator and the heirs, on cross-examination asked her if it were not a fact that she had been previously married. Her attorney promptly objected on the grounds that this was raising an issue not presented by the pleadings and an attempt to enlarge them through the introduction of evidence. The trial judge referred the objection to the merits and reserved his ruling. Claimant replied that she had been previously married to Rule Watson, in the state of Texas. Counsel for the administrator and heirs then filed exceptions of no right or cause of action, which were overruled and the motion of the widow to strike out her testimony as being beyond the pleadings was sustained.

The district judge rendered judgment in favor of the claimant, recognizing her as the widow entitled to the marital one-fourth. The administrator and heirs have appealed.

The record shows that the administrator filed his final account, listing the assets and the ordinary and the preferred claims, revealing that the estate was more than adequate to pay all of these claims.

It also appears that he contemplated placing the heirs in possession of the remainder of the estate immediately thereafter.

The right of the widow to assert her claims by opposition to the final account, under such circumstances, and without the necessity of resorting to a suit against the heirs by petition and citation, was recognized by this court in Succession of Tacon, 186 La. 418, 172 So. 513. See, also, Harbour v. Haynes, Adm'r, 16 La.Ann. 254; Succession of Piffet, 39 La.Ann. 556, 2 So. 210.

Our learned brother below properly overruled the exception of prematurity.

The exception of no right or cause of action is predicated on the theory that the claimant must establish a legal marriage to the deceased, in order to bring herself within the provisions of article 2382, Rev. Civ.Code.

The administrator, in his provisional account, recognized claimant as the widow of the deceased, entitled to $1,000 under article 3252, Rev.Civ.Code. She alleged that she was the widow and surviving spouse of her deceased husband and in reply to that allegation, the respondents entered a general denial. It was in no way intimated that the issue would be tendered that her marriage was a bigamous one. Without the slightest indication that this contention would be made, the case went to trial on its merits and counsel for the respondents then sought to elicit information concerning her previous marriage in Texas. Timely objection was urged to the admissibility of this evidence as being beyond the plead-

ings and that plaintiff was unprepared to meet the issue, not having been warned that it would be tendered.

The trial court disposed of the issues as follows:

"In passing upon an exception of no cause or right of action, the allegations of fact as contained in the petition must be taken as true. * * *

"The court is of the opinion that it was not necessary for the plaintiff to allege the prior marriage and its dissolution prior to her marriage to the deceased, since the petition alleges that she was his legal wife at the time of his death. The court cannot see why there should be any more necessity for the plaintiff to allege the prior marriage, if one existed, and its dissolution, than it would be for her to allege that she and her former husband were both members of the white race; and that they were not related within the degree of consanguinity prohibited by law, etc., and that these allegations should be made also as to her marriage with the deceased.

"Counsel for the administrator and heirs cites the case of Smith v. Monroe Grocery (La.App.) 171 So. 167, 169, as an authority on this point. The cited case was a damage suit by the parent for the death of a child, and the issue was one of the heirship of the parents, and the principle therein stated is without doubt in accord with the general jurisprudence of this state on this point. In this case the court simply said:

"'The jurisprudence of this state uniformly holds that for the mother and father to recover for the death of a child under [article 2315 of the Civil Code] they must allege and prove that such decedent was not survived by a spouse or child. In other words, a petition must negative the existence of a surviving wife, and children, and there must be proof in substantiation thereof, for the more distant relatives to recover.'

"It is of course true that a parent in a case of inheritance, such as in the cited case, from a child, must allege and prove that the child left no surviving spouse nor child, for the reason that a surviving spouse or child will inherit to the exclusion of a parent. The case before us is not one of inheritance. Our courts have repeatedly held that the widow's marital fourth under article 2382 of the Civil Code is not a right of inheritance, but is a right which is strictly personal and in the nature of a bounty to the widow in necessitous circumstances, and if not claimed by her, it does not pass to her heirs. Succession of Bancker, 154 La. 77, 97 So. 321; Succession of Justus, 44 La. Ann. 721, 724, 11 So. 95; Dupuy v. Dupuy, 52 La.Ann. 869, 872, 27 So. 287; Succession of Kunemann, 115 La. 604, 39 So. 702. The right exists only by virtue of a special statute and the beneficiary is required to meet only the conditions prescribed in the statute.

"Counsel for the widow moves to strike from the record the testimony of the widow in connection with any former mar-

riage on the ground that such testimony is inadmissible for the reason that this question of a provision (previous) marriage was not raised in the answer filed by the heirs; and for the further reason that such evidence is irrelevant and immaterial. Counsel cites the case of Duty v. Fowler Commission Company (La.App.) 146 So. 336, 339, in which the court said:

" 'Defendant sought to introduce evidence to establish a marriage by Jim Duty before he married the plaintiff. The evidence was excluded on objection that it was not admissible under the pleadings. We think the ruling of the lower court correct. That issue was not raised by defendant's answer. The purpose of the offering was to attempt to prove that the marriage of plaintiff and Duty was bigamous.'

"The answer of the administrator and the heirs deny generally the allegations of fact in the plaintiff's petition, but does not specifically raise the issue of a former marriage, and it does not appear from the argument of counsel that it was his purpose in offering this testimony to attempt to prove a bigamous marriage, but that his sole purpose was to lay the ground for an exception in that the petition failed to allege the former marriage.

"The court thinks that the testimony thus offered to prove a former marriage for the purpose stated is irrelevant and immaterial. It makes no difference whether the plaintiff had contracted a former marriage or not, so long as she was legally married to the deceased and so long as she was his legal wife at the time of his death. The petition makes these necessary allegations, and the motion to strike from the record all evidence in connection with a prior marriage should be sustained, the same being irrelevant and immaterial in so far as the purpose is concerned for which this testimony was offered."

█ It is our opinion that the judge properly overruled the exceptions of no right or cause of action.

█ On the merits, the record shows that the net estate, after paying the debts, amounted to $5,620.91. It was established beyond question that the widow was in necessitous circumstances and that the deceased died relatively rich within the meaning of article 2382, as interpreted by this court. Wimprenne v. Jouty, 12 La.App. 326, 125 So. 154; Melancon's Widow v. His Executor et al. (1833) 6 La. 105; Succession of Morris, 137 La. 719, 69 So. 151.

The evidence clearly shows that the plaintiff comes within the provisions of the article of the Code and is entitled to recover the marital one-fourth.

For the reasons assigned, the judgment appealed from is affirmed at the appellant's costs.

ROGERS, J., absent.