287 So.2d 214 (1973)
Succession of Dan S. HENRY.
June W. HENRY, Plaintiff-Appellant,
v.
EXCHANGE BANK AND TRUST COMPANY, Defendant-Appellee-Appellant.
No. 4390.
Court of Appeal of Louisiana, Third Circuit.
November 30, 1973.
*215 Whitehead & McCoy, by C. R. Whitehead, Jr., and G. F. Thomas, Jr., Natchitoches, for plaintiff-appellant.
Watson, Murchison, Crews & Arthur, by R. Raymond Arthur, Natchitoches, for defendant-appellee.
Before FRUGE, MILLER, and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This is an action by a surviving widow to recover, out of the estate of her deceased husband, the "marital fourth", in usufruct only, under the provisions of Art. 2382 of the Louisiana Civil Code.
Dan S. Henry died testate on April 16, 1966, survived by his wife, Mrs. June W. Henry and three minor daughters. In his last will and testament Dan Henry provided essentially that on his death:
(a) the "June W. Henry Trust" was to be established whereby his wife, the income beneficiary, should receive the income and profits, in monthly installments, from the trust, the corpus being made up of $25,000.00 assessed value in stocks. This trust was to last for her life or so long as she remained unmarried.
(b) the "Children of Dan S. Henry Trust" was to be established, which corpus included all which the testator owned at death, with the exception of the corpus of the "June W. Henry Trust".
(c) the family home was included in the "Children of Dan S. Henry Trust", but the widow was conveyed the "use" and "right to occupy" said home. All maintenance expenses, including repairs, taxes, and insurance, were to be paid out of income from the "Children of Dan S. Henry Trust".
Subsequent to the death of Dan S. Henry, his will was probated. June Henry and her three children continued to occupy the aforementioned residence and Mrs. Henry began receiving monthly payments from her trust.
Some four years later June Henry filed this suit in opposition to the final accounting of the then deceased testamentary executor. Therein she alleged that she was a widow in "necessitous circumstances", that her husband died "rich", and as a result she was entitled to the marital fourth in usufruct as provided in Civil Code Art. 2382. The Exchange Bank and Trust Co. of Natchitoches, as court appointed executor of the "Succession of Dan S. Henry", was made party defendant in this suit.
*216 At trial the following was stipulated between opposing counsel:
(1) That on the date of Dan S. Henry's death:
(a) the net estate of Dan S. Henry was valued at $500,000.00
(b) the value of the estate of June W. Henry was $25,000.00
(c) the family home had a market value of $50,000.00 with a market rental value of $200.00 per month
(2) That June Henry, subsequent to the death of her husband was receiving the sum of $50.20 per month representing Social Security benefits as a surviving widow.
(3) That Mrs. Henry received $100.00 per month for 50 months as a gratuitous death benefit from Pecan Park, Inc., a corporation in which the decedent, Dan Henry, had an interest.
After a trial of the case, the district judge ruled in favor of Mrs. June Henry and computed her marital ¼, in usufruct only, as follows:

¼ of net estate of deceased
($500,000.00) ..................$125,000.00
Less assets of June W. Henry ....-25,000.00
 __________
Value of properties in usufruct which
June Henry is entitled to ......$100,000.00

To make up the $100,000.00 in usufruct the judge included the following:

(1) Family home and property having
 been occupied and accepted by Mrs.
 Henry to be free of trust and restrictions
 of will ................,$ 50,000.00
(2) Stock and cash in the "June W.
 Henry Trust" free of trust and restrictions
 of will .................$ 25,000.00
(3) The remainder in assets free of
 trust to be made up of stock in
 Progressive Savings and Loan Association
 valued at ...............$ 25,000.00

After the judgment was signed Mrs. Henry applied for a new trial, which application was granted. On rehearing the trial judge reinstated his original findings.
From this judgment June Henry has appealed, alleging that the trial court erred as a matter of fact and law in assigning a value of $50,000.00 to her legacy of a right of habitation, and in assigning a value of $25,000.00 to her income rights from the "June W. Henry Trust". The defendant therein, the Exchange Bank and Trust Co. answered the appeal alleging that Mrs. Henry was estopped from attacking the will of her husband because she had accepted and used her legacies and that she was not a widow in necessitous circumstances. In the alternative the bank alleged that if the appellate court should find that June Henry was entitled to the marital fourth, the computation and valuation by the trial judge of the amount due was correct.
This case presents three questions for us on appeal:
(1) Whether Mrs. Henry was estopped from making her claim?
(2) If not, whether her husband died "rich" leaving her a widow in "necessitous circumstances"?
(3) If found to be "necessitous" how should her widow's fourth be computed?
This claim is predicated upon the provisions of Louisiana Civil Code, Art. 2382, which in pertinent part provides:
"Art. 2382. When the wife has not brought any dowry, or when what she brought as a dowry is inconsiderable with respect to the condition of the husband, if either the husband or the wife die rich, leaving the survivor in necessitous circumstances, the latter has a right to take out of the succession of the deceased what is called the marital portion; that is, the fourth of the succession in full property, if there be no children, and the same portion, in usufruct only, when there are but three or a *217 smaller number of children; and if there be more than three children, the surviving, whether husband or wife, shall receive only a child's share in usufruct, and he is bound to include in this portion what has been left to him as a legacy by the husband or wife, who died first."
The trustee's first contention raises the question of whether Mrs. Henry was estopped from bringing her claim.
The demand for the marital portion in this case first came up by way of separate petition and later by opposition to the final account of administration presented by the executor.
Our Supreme Court in numerous decisions have stated that the surviving spouse can assert this right:
(1) by way of opposition to the final account of an administration of the succession, Maddox v. Butchee, 203 La. 299, 14 So.2d 4 (1943); Succession of Andrus, 187 La. 931, 175 So. 624 (1937).
(2) or after liquidation of the estate, Duriaux v. Doiron, 9 Rob. 101 (1844); Harrell v. Harrell, 17 La. 374 (1841).
(3) or even after property of the succession has been received, Maddox v. Butchee, supra; Succession of Hagan, 150 La. 934, 91 So. 303 (1922).
In fact the Supreme Court in Succession of Piffet, 39 La.Ann. 556, 2 So. 210 (1887) stated that the most propitious moment for bringing this action was by way of opposition to a final accounting by the executor, it only being necessary that the succession has reached a point for the court to be able to determine if the deceased died "rich" and left a widow in "necessitous circumstances". Since there is no statutory or jurisprudential limit as to the length of time an administration is to exist, the four years since death in our case has no relevant bearing. In Succession of Newman, 27 La.Ann. 593 (1875) the estate was under administration for nine years before a final accounting. The only limitation placed therein upon the bringing of the action was that it be asserted in the court charged with the succession.
Defendant's argument is based upon the proposition that one who unconditionally accepts the bequests of a testator cannot later come in and attack the will or its provisions. This is correct, but clearly not the situation when one comes in alleging they are entitled to the marital portion. This marital-fourth is not a bequest. Instead the courts have called it a gift by the sovereign, Richard v. Lazard, 108 La. 540, 32 So. 559 (1902), a bounty bestowed by law, Succession of Justus, 44 La.Ann. 721, 11 So. 95 (1892), one of the civil effects flowing from marriage. Smith v. Smith, 43 La.Ann. 1140, 10 So. 248 (1891). In addition numerous cases have held that when one dies intestate the widow can claim her marital portion. Malone v. Cannon, 215 La. 939, 41 So.2d 837 (1949). Finally, we should note that by the very reading of Art. 2382 it is contemplated that one will accept his bequests and later deduct these in making up the one fourth portion.
The second question is whether Dan Henry died "rich" and left his wife in "necessitous circumstances", as contemplated by Art. 2382.
The word "rich" as applied to the deceased spouse, and the words "necessitous circumstances" as applied to the economic condition the surviving spouse is left in, are relative terms. Moore v. Succession of Moore, 7 So.2d 716 (La.App.2nd Cir. 1942). Thus the value of the assets of the one must be compared with the value of the assets of the other at the time of death to make the determination. Malone v. Cannon, supra; Smitherman v. Smitherman, 240 So.2d 6 (La.App.2nd Cir. 1970).
A review in this respect of representative decisions finds that the smallest ratio of the value of the estates the courts have *218 recognized is 5 to 1. But apparently no specific test has been accepted as a guide in determining this question. Smitherman v. Smitherman, supra; see also 25 La.L. Rev. 259, 271.
The decedent in our case had net assets at death stipulated to be valued at $500,000.00, compared to his spouse's $25,000.00. In any walk of life the owner of an estate of one-half million dollars must be considered as "rich".
With respect to the question of the surviving spouse being left in necessitous circumstances, courts only consider what assets the surviving spouse had at the time of death of the decedent spousein our case $25,000.00. The courts do not consider the bequests made. Succession of Piffet, supra. These legacies are only considered by way of inclusion of their respective values in the marital ¼ determined by the courts. Dupuy v. Dupuy, 52 La.Ann. 869, 27 So. 287 (1899). In order to determine if one with assets of $25,000.00 can be considered "necessitous", we must consider the reasons for which such a benefit was created. This benefit is derived from the Roman and Spanish laws wherein the surviving spouse was entitled to the marital portion, unless she had the means of "bene and honeste vivere", according to the conditions of her husband. Dunbar v. Heirs of Dunbar, 5 La.Ann. 158 (1850). Thus if one spouse, by reason of the other's death is unable to live in similar style, comfort, and elegance as a person of her former rank, i.e. similar economic conditions in which she lived during marriage, she is considered to be in "necessitous circumstances". Smith v. Smith, supra; Succession of Piffet, supra. Thus property which would make a person in one walk of life rich would be inadequate to supply the wants, albeit they are artificial, of one in another condition of life. Moore v. Succession of Moore, supra.
In view of the authorities which we have referred to, we are constrained to hold, as did the trial judge, that the surviving widow in the instant case is entitled to be recognized as a widow in "necessitous circumstances" and that her husband died "rich" within the intendment of the provisions of LSA-C.C. Art. 2382. The value of the property left by Dan Henry was almost twenty times that owned by plaintiff in her own right.
The only remaining question is whether the trial judge correctly computed the ¼th marital portion.
It is important to note at the outset that plaintiff appealed the trial judge's determinations only in his computation of the value of the legacies and only in the following two particulars:
(a) that the value assigned by the judge of $50,000.00 to the right of habitation was in error
(b) that the value assigned of $25,000.00 to plaintiff's income rights from the "June W. Henry Trust" was in error
Neither the plaintiff nor the defendant trustee have appealed the trial court on its judgment insofar as it awarded the plaintiff the aforementioned sums out of trust. Although it can be argued that the district judge in effect rewrote the will, the parties have not contested this point and thereby have abandoned it. LSA-C.C.P. Art. 2133; Lumber Products, Inc. v. Hiriart, 255 So. 2d 783 (La.App.4th Cir. 1972).
Plaintiff-widow contends that the use and habitation of the home has a zero value. Such a contention is not tenable.. It has a value for inheritance tax purposes (LSA-R.S. 47:2405) and certainly has some value as being a portion of the marital fourth. However, on the other hand, we feel that the placing of a $50,000.00 value on said use and habitation by the able trial judge is likewise inappropriate. He used the actual value of the home in full ownership as the value for the use and habitation thereof. It is evident that full *219 unencumbered ownership of an item of property has a greater value than the mere use and habitation of the same.
In setting a value we feel that the use of the American Experience Mortality Tables (LSA-R.S. 47:2405) is appropriate. Under this table the value of the usufruct or use and habitation of the $50,000.00 family home would be $40,218.50, computed as follows:

 [Age 40, life expectancy 28.18 years]
 [.80437 × $50,000.00 = $40,218.50]

As to the legacy of profits and income from the "June W. Henry Trust", which corpus was made up of $25,000.00 in stock, we do not think the value of $25,000.00, as the trial judge so determined, can be appropriately placed upon the income beneficiary's right, which is worth much less than the corpus of the trust.
Counsel for Mrs. Henry suggests that the value of her profits and income from the $25,000.00 in stock should be fixed at the sum of $10,075.81. By stipulation at trial, a letter from a Mr. David Townsend to Mrs. Henry's attorney was admitted into evidence and it was agreed that if Mr. Townsend were called to testify, his testimony would be substantially as reflected in the letter. Mr. Townsend uses an equation which results in the above suggested figure. We have no way of knowing who Mr. Townsend is in that he was not qualified as an expert, nor is there any designation as to his occupation or profession. Although a perusal of the letter suggests that its author is knowledgeable, very little information about the formula used, its source, or how the sum was derived at is evident. Neither is any judicial or statutory authority cited for using such a formula or equation. Additionally we note that a life expectancy of 32 years was utilized rather than 28.18 years, the latter being applicable to a 40 year old person as indicated by the actuarial tables. We feel therefore that Mr. Townsend's suggested value of $10,075.81 lacks the explanatory and probative sufficiency to warrant its use.
Accordingly, we think that an acceptable method of valuation would be by use of LSA-R.S. 47:2405. After reviewing the federal regulations on computing such values for federal estate and gift tax purposes, we conclude that they use similar actuarial tables for evaluating such a right. See Code of Federal Regulations, Title 26 § 20:2031-7(c), § 25:2512-9(c); Smith v. Shaughnessy, 40 F.Supp. 19 (D.C.N.Y. 1941). The calculation would be as follows:

[Age 40, life expectancy 28.18 years]
[.80437 × $25,000.00 = $20,109.25]
Thus as a final computation:
¼ marital portion .................$100,000.00
Less value of legacies ($40,218.50
 ($20,109.25
Less usufruct of stock
valued at $25,000 as
judgment so declared $25,000.00
 __________
 Total $85,327.75.. -$ 85,327.75
 ____________
 $ 14,672.25

Thus plaintiff is entitled to an additional $14,672.25 out of the succession, in usufruct only, to make up her one-fourth marital portion.
For the above and foregoing reasons the judgment of the district court is amended so as to reflect that an additional $14,672.25 is due plaintiff out of the succession, in usufruct. In all other respects the judgment of the trial court is affirmed. Defendant bank is to pay the costs of this appeal.
Amended and affirmed.