NO. 7458.

STATE OF LOUISIANA

AUGUSTIN LASSEIGNE

7458

COURT OF APPEAL

VS

LAWRENCE LAICHE, ET AL.

PARISH OF ORLEANS.

## OPINION.

By His Honor John St. Paul.

This is a partition proceeding in which a husband intervenes to claim the marital portion of his wife's estate.

Felice Sigur, wife of Jean Baptiste Edward Laiche died November 27th 1907, leaving eight children. Her estate consisted of a small piece of seperate property the value of which at the time of her death, does not appear. She owed no debts, and her succession was never formally opened; but her husband continued to reside on the property and cultivate it for his own account up to the time this intervention was filed.

Meanwhile four of the heirs sold their shares in the property to Augustine Lassaigne. The latter sued the other heirs for a partition, which was duly ordered; and on April 27th 1918 the property was sold for $2600 cash.

At the time of her death her husband was, and still is, in necessitous circumstances. On April 23 1918 he intervened in the partition proceedings, and whilst not opposing the sale, claimed a child's share in the proceeds, to wit, one ninth, in usufruct.

Lasseigne opposed his claim on the ground that it showed no cause of action, and was also prescribed by ten years (November 27th 1907 to April 23rd 1918.

### 1.

The marital portion is not an inheritance; it is a purely personal right which the survivor must claim judicially. Until so claimed, the right does not _vest_ in the survivor and is not transmitted to his heirs. Succession of Justus, 44 An 721; Succession of Rogge, 50 An 1228; Succession of Piffet, 39 An 559.

### 11.

Considering therefore that the right is not an inheritance but a mere right of action against the Succession and heirs, that is to say "Jus in personam", it would seem that, like all other personal actions, it is prescribed by ten years. C. C. 3544. And in all likehood this

prescription would run from the death of the other spouse.

But however that may be, we think that in this case prescription was interrupted by the heirs permitting the husband to keep possession of and enjoy the whole property. As was well said by his counsel, it would have been a useless thing for the intervenor to demand of the heirs the enjoyment of one ninth of the estate as long as they remained content to allow him the enjoyment of the whole. Lex neminem cogit ad vana sen inutilia peragenda.

We think their adquiescence was a continuing interruption of prescription.

### 111.

On the other hand we think it contrary to every principle of equity to permit a surviving spouse to urge his belated claim against one who has purchased of the heirs without notice of his claim. And we do not think our laws contemplate such injustice.

Our code (Articles 1444 to 1449) enjoin a duty upon all who have claims against a succession, actual or contingent, if they intend to look primarily to the assets of the succession and not rely upon the personal credit of the heirs, that they demand what is called the "Seperation of Patrimony", that is to say a segrating of the assets of the succession for their benefit, or in other words some sort of formal adminiatration. And above all, if they wish to preserve their claims against the immovable property of the succession, so that it may not be alienated to their prejudice, they must record those claims in the mortgage office within three months after the succession is opened, i. e., after the death. C. C. 3275.

We think the article, which in terms applies to creditors and legatees, applies with equal force to a surviving spouse who intends claim the marital portion, and who (as we have said) is but a creditor of the succession. Certainly such interpretation is in accord with the whole spirit of our laws; for our constitution, our statutes, and our jurisprudence seem all alike to abhor the idea of secret (unrecorded) incumbrances upon immovable property.

We are therefore of opinion that Lasseigne acquired free from the claim which the intervenor here urges, and as to him, the petition shows no cause of action.

As this appeal presents only the issues raised by Lasseigne and does not extend to the claims which intervenor may have upon the shares of the other heirs who did not sell, it must be understood that we are not passing upon those, and that in affirming the judgment appealed from we mean simply that Lasseigne is to take his one half of the net proceeds of sale free from the intervenors claim.

The judgment appealed from is therefore affirmed.

Judgment Affirmed.