BOUTALL, Judge.
This appeal is from a judgment determining the amount of the marital portion of a surviving spouse and alloting some succession charges.
Alvin P. Lichtentag married Nolia E. Langenbecker on February 4, 1941, with a marital contract governing their financial affairs. No children were born of the marriage, and on December 14, 1975, Mr. Li-chtentag died testate. The will granted a legacy to Mrs. Lichtentag consisting mainly of the usufruct of the income of a trust (the extent of which is in contest) with the naked ownership of the principal to his grand-niece and grand-nephew. Mrs. Li-chtentag then filed on January 29, 1976, a petition to claim the marital fourth due the surviving spouse in necessitous circumstances provided in La.Civil Code Art. 2382.[1] *1384 Shortly thereafter Mrs. Lichtentag was interdicted and her curatrix filed a renunciation of the Succession of Mr. Lichtentag with reservation of her right to the marital fourth.
A declaratory judgment was then sought on the validity of the renunciation and on appeal, Succession of Lichtentag, 363 So.2d 706 (La.1978), the Supreme Court held that a renunciation could be made, but that the value of the legacy must be included in determining the marital fourth. Because of that judgment, the renunciation was revoked and Mrs. Lichtentag’s curatrix filed on December 8, 1978 a “Petition to be Placed in Possession of Legacy and Marital Portion”, praying to be put into possession of both. However, Mrs. Lichtentag died on January 7,1979, and her heirs continued the litigation, represented by the executor of her estate. The matter was later tried and the trial court rendered judgment sending the executor of Mrs. Lichtentag’s succession into possession of 25% of Mr. Lichtentag’s gross estate, including all income earned, less one-fourth of all debts and less the legacy, fixing the value of the legacy, and alloting certain succession charges and taxes. It is this judgment which forms the basis of this appeal by the testamentary executor of the estate of the decedent spouse, Alvin P. Lichtentag.
The preliminary issue is whether Nolia Langenbecker Lichtentag was entitled to claim her marital portion under C.C. Art. 2382 and whether her heirs may now claim it.
Appellant contends that Mrs. Li-chtentag was not left in necessitous circumstances because she had assets in excess of $40,000 and as legatee received a significant portion of decedent’s estate. However, jurisprudential interpretation of the term “rich” and “in necessitous circumstances” demonstrates that there is no sound basis for this contention. The receipt of a legacy from the decedent is not a consideration in a determination of the survivor’s circumstances. Instead a legacy is considered as a deduction from the marital portion to which the survivor may be entitled. Succession of Piffet, 39 La.Ann. 556, 2 So. 210 (1887); Dupuy v. Dupuy, 52 La.Ann. 869, 27 So. 287 (1899); Succession of Morris, 137 La. 719, 69 So. 151 (1915). The conditions of being rich or in necessitous circumstances are to be considered in relation to each other, that is, by a comparison of the patrimonial assets of the deceased with those of the survivor, as well as the economic condition of each spouse generally. As stated in Succession of Henry, 287 So.2d 214 (La.App. 3rd Cir. 1973) p. 217:
“[3] The word ‘rich’ as applied to the deceased spouse, and the words ‘necessitous circumstances’ as applied to the economic condition the surviving spouse is left in, are relative terms. Moore v. Succession of Moore, 7 So.2d 716 (La.App. 2nd Cir. 1942). Thus the value of the assets of the one must be compared with the value of the assets of the other at the time of death to make the determination. Malone v. Cannon, [215 La. 939, 41 So.2d 837 (1949)] supra; Smitherman v. Smitherman, 240 So.2d 6 (La.App. 2nd Cir. 1970).
“A review in this respect of representative decisions finds that the smallest ratio of the value of the estates the courts have recognized is 5 to 1. But apparently no specific test has been accepted as a guide in determining this question. Smitherman v. Smitherman, supra; see also 25 La.L.Rev. 259, 271.”
The decedent in this case left an estate of approximately $1,400,000 and the surviving spouse had approximately $40,000 in assets. Although $40,000 is still today a considerable sum, nevertheless a comparison of the relative conditions of the spouses, along with a consideration of the economic conditions in which the spouses lived during marriage, requires us to conclude that the *1385 decedent died “rich” and the survivor was “in necessitous circumstances” within the requirements of C.C. Art. 2382. There being no children, the survivor is entitled to take out of the succession of the deceased the fourth of the succession in full property.
The next question is whether the surviv- or’s heirs may inherit her claim to that marital portion, Mrs. Lichtentag having died on January 7, 1979, several months prior to trial and judgment of the claim for the marital portion, but three years after her original petition to be placed in possession of the marital portion and one month after the petition filed by her curatrix following the adverse appellate decision.
 The survivors right to claim the marital portion is a personal right and must be exercised by the survivor or the right is lost and is not inherited by his or her heirs. Succession of Bancker, 154 La. 77, 97 So. 321 (1923); Succession of Justus, 44 La.Ann. 721, 11 So. 95 (1892). This survivor did make a judicial demand prior to her death. Once her right to the marital portion was judicially urged, it became a patrimonial asset and is heritable by her heirs, who may then recover the portion. Succession of Piffet, 39 La.Ann. 556, 2 So. 210 (1887) distinguished in Bancker and Justus, supra.
We now consider the composition of the marital portion as affected by the legacy.
There being no children of the decedent, C.C. Art. 2382 provides in plain language that the surviving spouse is entitled to “the fourth of the succession in full property” as the marital portion. Mrs. Lichtentag is thus entitled to the ownership of an undivided Vi interest of her husband’s estate and her ownership passes to her heirs. Prior jurisprudence has placed some limitations on the right of the surviving spouse to receive this statutorily fixed amount by providing for deductions. At issue here is the deduction of the legacy left the surviving spouse.
Considering the punctuation in the first paragraph of Art. 2382, we must state that the inclusion of a legacy in the marital portion seems to apply only in the instance of more than three children. Apparently as a matter of policy, prior jurisprudence has declared the inclusion of a legacy even when there are no children. See Succession of Piffet, supra. In any event we are bound by the prior decision in this case, Succession of Lichtentag, 363 So.2d 706 (La.1978) which is final and is certainly the law of this case. Accordingly, we proceed to fix the value of the legacy.
The will was made August 1, 1968, and is subject to two codicils of November 9,1968, and April 6,1975. It contains the following bequests to the surviving spouse:
“(5) I hereby direct and bequeath to my wife Nolia Elizabeth Langenbecker, should she survive me, the usufruct of my property, which I own at 7450 St. Charles Avenue, New Orleans, Louisiana, for the balance of her life as long as she occupies it as her home. This usufruct ends should my wife remarry or should my wife not occupy the property as her home.
“(6) I bequeath to my wife, Nolia E. Lichtentag, all of the contents, appurtenances, and personal properties located in the property, 7450 St. Charles Avenue, New Orleans, Louisiana, together with all of my automobiles, that I may possess as of the date of my death, and all of my jewelry.
“(7) I direct and bequeath the balance of my estate consisting of all of my stocks and bonds, and all of my real estate, and cash, and such other properties that I may have of whatever nature and kind, to be placed in a usufructuary trust. I direct and bequeath the usufruct of the income of this trust to my wife, Nolia E. Lichtentag. I direct that Robert Alexander Katz, my executor, be the Trustee of this trust.
“(8) I direct my trustee and executor, Robert Alexander Katz, to pay out of the income of this trust all of the personal insurance, expenses of maintaining the property at 7450 St. Charles Avenue, New Orleans, Louisiana, during the time my wife occupies said property.
*1386 “(9) My executor and trustee is directed to distribute such funds out of the usufructuary trust account to my wife, in addition to the above, for her personal needs and use, on a monthly basis, including but not limited to expenses for food, medical care and attention not to exceed the sum of $1,300.00 (Thirteen hundred dollars) per month, unless an emergency arises or as the trustee in his discretion deems necessary.
“(10) I direct and instruct my trustee and executor, Robert Alexander Katz, to diminish or to sell such principal assets of the usufructuary trust as become necessary should the income of my property or assets be inadequate to provide the necessities of life and medical expenses for my wife, Nolia E. Lichtentag.”
Mrs. Lichtentag died before there was a judicial determination of the net assets of the estate and the value of her legacy and before there was an acceptance by her or any of the heirs. The estate is still under a very active administration as disclosed by the record. Under these facts, we see no compelling reason to resort to the inheritance tax tables. The usufructs are terminated by the terms of the will upon Mrs. Lichtentag’s death and are terminated by law as well. See C.C. Arts. 606 and 607, R.S. 9:1964. The values may be fixed with more preciseness than resort to an abstract table.
We note that this approach was used by the court in Succession of Piffet, supra, under a factual situation remarkably similar to ours. The court stated at 2 So. 211:
“The district judge found all the facts required by law to entitle the surviving husband to claim the marital portion, as well as his heirs to claim under him, and in his judgment he directed that the amount of indebtedness from Piffet to his wife be deducted from the active mass of the succession, and that one-fourth of the remainder, after deducting the debts, (which are insignificant,) be set apart as the marital portion, subject to deduction therefrom of the value of the stock of goods bequeathed to the husband as above stated, and of the amount received bv him under his usufruct of the two pieces of immovable property, as stipulated in the will. After a thorough consideration of the case, we have reached the conclusion that the judgment of the district court is correct in every particular, and we shall therefore affirm it.” (Underscoring ours.)
With these principles in mind, we now examine each bequest to determine the value of the legacy. The first bequest is the usufruct of the family home in Article 5 of the will. The trial judge determined this to be valued at $5,760.00. He based this upon the following facts: that Mrs. Li-chtentag’s health was so poor that she had to vacate the premises on July 20, 1976, and be placed in a full service nursing home; she occupied the premises 7 months and 6 days; the rental value was $800 per month; hence value equalled amount of rental value for this period. We agree, finding this to be consistent with the principles expressed above.
On the issue of this usufruct, we note that the will provided not only for its termination at death but also for its termination should Mrs. Lichtentag not occupy the property as her home. When her occupancy ceased because of ill health, the usufruct ended in accordance with the will. The term of the usufruct lasted 7 months and 6 days.
In considering the value during this term, we agree with the use of the monthly rental value. It is apparent that the usufruct granted was not a full usufruct. It could only exist while Mrs. Lichtentag was occupying the home. There is no showing that Mrs. Lichtentag could occupy the home and rent it to others to receive more than the $800 rental value, or otherwise enjoy all of the full rights of usufructuary generally. See for example, C.C. Arts. 547, 548 and 555.[2] Because this limited type of usufruct *1387 amounts to little more than the right of occupancy, she has received only this value (i. e. the amount of the monthly rental value) under this bequest in her legacy.
Accordingly, we affirm the value of $5,760.00 as fixed by the trial judge.
We next consider the value of the second bequest, the personal property in Article 6. The trial judge fixed this amount at $4,475.00. The record justifies the fixing of this value and no error is pointed out to us on appeal.
The third bequest is the usufruct of the income of the trust to the wife, Articles 7, 8, 9, 10. If this bequest was one of trust income, we would be faced with the myriad issues argued to us in a determination of value. We point out that the bequest is not trust income but a usufruct of trust income, which we consider to be quite different. It is argued to us that there cannot exist a usufruct of trust income because there is no specific authorization for it. However R.S. 9:1961 provides that an interest in income may be given absolutely or conditionally. R.S. 9:1737 permits a settlor to dispose of property in trust to the same extent that he may dispose of that property free of trust. Finally, R.S. 9:1736 provides that a trust or a disposition in trust may be made subject to any condition not forbidden in the Trust Code and not against public order or good morals. We find no prohibition against this testamentary disposition of usufruct of trust income. Indeed C.C. Art. 540 provides that a usufruct may be established by all sorts of titles including a last will.
Appellant has contended that the will is ambiguous and offers testimony as to the true meaning of the will and the intent of the testator. We find no ambiguities and, as did the trial judge, we disregard that testimony and confine ourselves to the terms of the will. Additionally we point out that the newly enacted R.S. 9:1851 through 1854 provisions of the La. Trust Code as added by Act No. 67 of 1977 are not applicable to this case. That act did not become effective until September 9, 1977, after the date of Mr. Lichtentag’s death on December 14, 1975, and after the succession was opened and the petition for the marital fourth was filed by Mrs. Lichtentag on January 29, 1976. The rights of the parties are therefore to be considered without reference to that law.
In setting the value of this usufruct of income we apply the principles discussed above, that is, because of the death of the legatee before there was a final determination of rights under the succession and the legacy, we value this portion of the-legacy on the basis of what was received by the legatee. We further point out that the nature of this bequest, a usufruct of income, supports this method of determination. A usufruct of income is an imperfect or quasi usufruct is defined in C.C. Art. 534, because the usufruct is of a thing which is useless to the usufructuary if she did not consume or expend it. Under C.C. Art. 549, the usufructuary has a right of disposal of the income at her pleasure, but under the obligations of returning the equivalent value at the expiration of the usufruct. We refer to our discussion of such a usufruct in Succession of Rosenthal, 369 So.2d 166 (La.App. 4th Cir. 1979) at p. 172.
What then is the value of such a usufruct in this case? Whatever money was given to the usufructuary must be returned by her estate. Because we are computing a value to be deducted from the marital portion, the income received is balanced by the corresponding obligation to repay. In this case the legatee was not paid any income from the trust but was instead paid an interim allowance for her living expenses, etc. Since she received no trust income, there is nothing to be paid back, and, accordingly, we can assign no value to this usufruct as a deduction from the marital portion.
The trial judge decreed that the value of the trust created in the will was $104,129.61 as follows:
“7) The value of the trust created in the decedent’s will in the sum of ONE HUNDRED FOUR THOUSAND ONE HUNDRED TWENTY-NINE AND 61/100 (104,129.61) DOLLARS. The sur *1388 viving spouse was seventy years old at the time of decedent’s death. The court determines that the surviving spouse had a life expectancy of 8.48 based upon the American Experience Mortality Table contained in LSA-R.S. The court determines that the monthly income figure is $1,300.00 per month. The above evaluation is based upon a life expectancy of 8.48 years and a monthly income of $1,300.00 discounted at six (6%) percent.”
Additionally, he awarded the usufructu-ary the sum of $48,967.00 representing accumulated income beneficiary payments at the rate of $1300.00 per month from Mr. Lichtentag’s death to Mrs. Lichtentag’s death. For the reasons above we believe both of these decrees to be in error. Because Mrs. Lichtentag was only a usufruc-tuary of the trust income and died before she received anything, we find no value to her of the usufruct. Similarly if we awarded the unpaid accumulated income, we would also have to require its repayment. The award would thus be futile.
The judge found, and we agree, that the money actually paid Mrs. Lichtentag was an interim allowance advanced by the executor in the sum of $48,100.00. L.C.C. Art. 2382. We conclude this amount to be a proper deduction from the marital portion.
The next error complained of is the finding that no federal estate taxes are to be apportioned to Mrs. Lichtentag under the provisions of LSA-R.S. 9:2433. In view of our decision holding that the legacy differs from that as found by the trial judge, we must examine the consequences of Louisiana’s Estate Tax Apportionment Law (R.S. 9:2431 et seq.) as to each portion.
From the will Mrs. Lichtentag gets a specific legacy (automobiles, furnishings, etc.) valued at $4,475.00 and a usufruct of the St. Charles Ave. home valued at $5760.00. Section 2433 provides that no usufruct shall be subject to apportionment and that the tax shall be chargeable against the naked ownership of the property. As to the specific legacy the federal estate tax law gives an exemption for such legacies under the provisions of 26 U.S.C.A. § 2056. Therefore, while R.S. 9:2432 provides for apportionment generally, section 2435 provides an allowance for exemptions and deductions allowed by the law imposing the tax.
Similarly, the marital portion of the surviving spouse is granted by operation of law. for one-fourth of the decedent’s estate and comes within the allowance of marital deduction from federal estate tax. It does not appear that the aggregate of deductions allowed will exceed the limitations of 26 U.S.C.A. § 2056(c).
Since there is no federal tax due by the surviving spouse, under either R.S. 9:2433 or 9:2435, none of the federal tax is apportioned to Mrs. Lichtentag. Persons other than the one entitled to the benefit of the exemption should not share in the exemption to the detriment of the exempt legatee. See Succession of Bright, 300 So.2d 614 (La.App. 4th Cir. 1974).
Finally, appellant asserts error in the apportionment of administrative expenses because the judgment did not specifically include court costs and attorney’s fees of the estate. The judgment provides for plaintiff to be charged with the pro-rata share (Vi) of ail administrative expenses incurred on behalf of the estate, only rejecting federal estate taxes and Vi of the executor’s fee of 5% which was held to be a legacy.) The judgment thus includes court costs and attorney’s fees.
On the question of the executor’s fee, we note that the will of decedent set an executor’s fee of 5%. C.C.P. Art. 3351 provides that an administrator or executor shall be allowed a sum equal to 21/2% of the amount of the inventory as compensation and that the court may increase it upon showing that it is inadequate. The trial court heard evidence offered to support an increase and refused to increase, awarding 2V2% as executor’s fee and the other 214% as a legacy to the executor.
We conclude that the entire 5% should be awarded as executor’s fee. We do not interpret C.C. Art. 3351 as prohibiting a testator from setting a fee for the person he *1389 selected to execute his will and administer his estate. The article itself provides that the fee may be increased by the court where circumstances warrant. We perceive no reason to intrude upon the discretion and desires of the testator in providing for the handling of his estate. The intention of the testator is clear that he desired a fee of 5% be paid to his executor for handling his estate. He made other provisions for the executor as legatee. The case of Succession of Kock, 24 La.Ann. 243 (La.1872) points out the problems in reaching the solution proposed by the trial court. We adhere to the principles of that case and amend the judgment appealed to award the entire 5% as executor’s fee.
Having reached the conclusions above, we must further note that this succession is under active administration, and that a number of the parcels of real estate and stocks have been sold, and at this time it is impossible to place the appellee in possession with a detailed description of the property and other assets belonging to this succession. We must remand the matter to the trial court for that purpose.
Accordingly, we affirm in part, amend in part, reverse in part and recast the judgment appealed to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the will of the decedent, Alvin P. Lichtentag, is not ambiguous, and therefore, all parole evidence as to the intent of the testator is inadmissible.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff, Sidney Joseph Dupuy, III, executor of the Succession of Nolia E. Langenbecker, widow of Alvin P. Lichtentag, be and he is hereby sent and placed into possession of twenty-five (25%) percent of decedent’s gross estate, including all income earned by decedent’s estate, less and except the following:
1) Plaintiff’s pro-rata share (one-fourth) of all debts owed by the decedent and paid by decedent’s estate;
2) The value of the legacy received by Nolia Lichtentag in the sum of FOUR THOUSAND FOUR HUNDRED SEVENTY-FIVE AND NO/lOO DOLLARS:
3) The amount of interim allowance advanced by the executor to Nolia Li-chtentag in the sum of FORTY-EIGHT THOUSAND ONE HUNDRED AND NO/lOO DOLLARS;
4) The value of the right of occupancy of the premises located at 7450 St. Charles Avenue, New Orleans, Louisiana, in the sum of FIVE THOUSAND SEVEN HUNDRED SIXTY AND NO/lOO DOLLARS;
5) The value of the assets of Nolia Lichtentag at the time of decedent’s death in the sum of $36,721.09;
6) Nolia Lichtentag’s pro-rata share (one-fourth) of all administrative expenses incurred on behalf of decedent’s estate, including court costs, attorney’s fees and executor’s fee of 5% awarded to the executor, Robert Alexander Katz. No federal taxes are to be charged to administrative expenses or apportioned to Nolia Lichtentag.
This matter is remanded to the trial court for further proceedings in accordance with the rulings contained in this opinion, and in due course a detailed judgment of possession be rendered.

JUDGMENT AFFIRMED IN PART, AMENDED IN PART, REVERSED IN PART AND RECAST

. The law governing the case is that in existence prior to the revision of Title VI, Book III effective January 1, 1980. Art. 2382 (as amended by Act 115 of 1974) provided as follows:
“Art. 2382. Marital portion of surviving spouse in necessitous circumstances.
“Art. 2382 If either the husband or the wife die rich, leaving the survivor in necessitous circumstances, the latter has a right to take out of the succession of the deceased what is called the marital portion; that is, the fourth of the succession in full property, if there be no children, and the same portion in usufruct only, when there are but three or a smaller number of children; and if there be more than three children, the surviving, whether husband or wife, shall receive only a child’s share in usufruct, and he is bound to include in this portion what has been left to him as a legacy by the husband or wife who died first.
“Whenever, during the administration of any succession, it appears that the surviving spouse will be entitled to the marital portion above provided for, upon final liquidation of the estate of the deceased, the survivor in necessitous circumstances shall be entitled to demand and receive from the executor or administrator of such succession, a periodical *1384 allowance to be fixed by the court wherein the proceedings are pending. Should the marital portion, as finally fixed, not be equal to the allowance as fixed by the court, the surviving spouse shall be charged with the amount of such deficiency.
(Amended by Acts 1974, No. 115 § 1.)”

. We refer to the Civil Code articles on usu-fruct in existence prior to the recent re-writing of the section on usufructs.