FORET, Judge.
Decedent’s widow, Audrey Mclnnis Smith, appeals a judgment sustaining an exception of prescription on the ground that the claim for the marital portion was untimely made according to C.C. Art. 2436.
FACTS
Rollie Ray Smith died intestate on May 29, 1982. He was survived by his spouse, Audrey Mclnnis Smith (plaintiff herein) and by his siblings and their descendants. Assets of the Smith estate include some seventy-six acres and several small structures near the border of the property, mainly a house in which the Smiths were living at the time of decedent’s death and a small store. The acreage and structures were the separate property of decedent.
Mrs. Smith filed a “Petition for Notice of Application for Appointment as Administrator” on June 24, 1982. The record reflects that compromise and settlement attempts about the existence, nature, and extent of the marital portion took place between Mrs. Smith’s counsel and the at *967 torney representing the heirs, apparently without success.
A “Request for Appointment of Provisional Administrator” was filed on May 5, 1983 by decedent’s sister. A hearing was held on June 21, 1983, and the result was a court-ordered formal inventory and no appointment of provisional administrator. The inventory was postponed pursuant to agreement between counsel on June 21, 1983. Nevertheless, the inventory was completed on August 10, 1983, although not filed in the record until October 2,1984.
Decedent’s sister filed a petition to be appointed as administratrix on July 16, 1985. A hearing on the rule seeking that appointment was set for October 11, 1985. Mrs. Smith, on August 28, 1985, filed within the succession proceeding a petition seeking recognition of her right to the marital portion. Named as defendants were the heirs of Rollie Ray Smith. Judgment from the hearing on the rule of October 11, 1985, seeking appointment of decedent’s sister as administratrix, was not signed until November 19, 1985, although read in open court on October 11. On that same date, November 19,1985, the heirs of Rollie Ray Smith filed an exception of prescription, which was tried and sustained in February, 1986. The exception of prescription maintained that, pursuant to LSA-C.C. art. 2436, the right to claim the marital portion of decedent’s estate had prescribed in that more than three years had elapsed between the date of death of decedent and the filing of Mrs. Smith’s claim to the marital portion.
The trial court sustained the exception of prescription and dismissed Mrs. Smith’s action.[1]
ISSUES PRESENTED FOR REVIEW
The only issues before us on appeal are whether or not the claim of Mrs. Smith for the marital portion in the estate of her husband was presented in sufficient timely fashion within three years of his death; and alternatively, if the claim was not presented in timely fashion, was there an acknowledgment of the debt owed by the estate, sufficient to interrupt prescription, permitting the petition filed August 28, 1985 to be considered timely in light of the alleged acknowledgment.
The right to the marital portion was found in C.C. art. 2382 until 1978. Art. 2382 contained no specific prescriptive period, and the claim for the marital portion was generally believed to be governed by the provisions of C.C. art. 3544, establishing a ten-year prescriptive period on all “personal actions” not otherwise specifically governed by another article.
In 1978 and in 1979, the matrimonial regime’s portion of the Civil Code was generally revised, and Article 2382 was revised and re-enacted. The substance of the article, with some modifications, was then found in Articles 2432 through 2437. These articles, as finally amended and enacted by Act 710 of 1979, were effective on January 1, 1980. Among these articles is Art. 2436, which reads:
“The right of the surviving spouse to claim the marital portion is personal and nonheritable. This right prescribes three years from the date of death.”
The Comments under this article make it quite clear that the three-year prescriptive period is a recent addition to Louisiana law. Additionally, the Comments indicate that the first sentence of C.C. art. 2436 codifies Louisiana jurisprudence interpreting Art. 2382 of the Civil Code of 1870. The jurisprudence clearly states that the right to the marital portion must be judicially urged. (Emphasis ours.) Succession of Lichtentag, 391 So.2d 1382 (La.App. 4th Cir.1980); Lasseigne v. Laiche, (Orl.Ct. of App. #7458, 1919); Succession of Piffet, 39 La. Ann. 556, 2 So. 210 (La.1887).
C.C. art. 2436 is clear and unambiguous. Unless the three-year prescriptive period is interrupted or suspended, plaintiff loses the right to make a claim for the marital portion by any method. The legislature intended that the right of the surviving spouse to claim the marital portion be *968 exercised judicially within a three-year period from the date of decedent’s death.
Mrs. Smith additionally argues that, as a surviving spouse in these circumstances, she is a sort of creditor and that her claim should be governed by the articles outlining the procedure for the assertion of a creditor’s claim against the succession representative, C.C.P. articles 8241-3249. Because no representative was appointed until October, 1985 (more than three years after the death), there was no proper party against whom the formal claim could have been submitted. Mrs. Smith contends that, assuming the claim could have been submitted to the heirs in the absence of a succession representative, there was no proper party defendant against whom to file a petition within three years if the claim was rejected by the heirs. She points out that Art. 734 of the Code of Civil Procedure provides that the succession representative is the proper party defendant in an action to enforce an obligation of the deceased or his succession.
We are not persuaded by plaintiff’s arguments. Plaintiff was aware, on May 5, 1983, that a request for the appointment of a provisional administrator had been filed by decedent’s sister. Mrs. Smith herself could have applied for the position of ad-ministratrix. Mrs. Smith could have submitted her claim against the succession by judicially asserting it against the heirs, in the absence of a succession representative.[2] Mrs. Smith argues there was no proper party defendant against whom to file a petition within three years if the claim had been rejected by the heirs. However, Mrs. ■Smith is assuming that the heirs do not represent the deceased. Under the law of Louisiana, heirs represent the deceased and take his place for his rights as well as his obligations. Consequently, although these heirs ab intestato may have chosen to reject the claim, Mrs. Smith’s claim for the marital one-fourth would have been preserved. We note that from October 2,1984 (the date the inventory was filed), until May 29, 1985, Mrs. Smith had over seven months to file a claim in the probate records.[3]
Mrs. Smith contends, in the alternative, that the communications betweén counsel for siblings and her own counsel constitute an acknowledgment of the debt. We do not believe the trial court erred in disagreeing with such a contention. Correspondence in the record between the respective attorneys evidences the circumstances of their negotiations. Defense counsel’s letter of November 28 shows an attempt to settle a disputed claim rather than an acknowledgment of plaintiff’s right to the marital one-fourth. The fact that this claim was disputed is further bolstered by the rule to evict plaintiff from the premises, sought by the administratrix concurrent with her application for appointment.
In summary, we affirm the judgment of the trial court sustaining the exception of prescription.
DECREE
For the foregoing reasons, Mrs. Smith’s claim for the marital one-fourth has prescribed, and the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff, Mrs. Audrey Mcln-nis Smith.
AFFIRMED.
KNOLL, J., dissents and assigns reasons.

. The record does not contain an annulment of the judgment rendered orally in open court on October 11, 1985 and signed on November 19, 1985.

. Mrs. Smith did eventually do so on August 28, 1985. However, this was more than three years after decedent’s death.

. The trial court should have appointed a provisional administrator and then ordered an inventory pursuant to C.C.P. art. 3113. Failure to appoint an administrator on June 21, 1983 appears groundless. As mentioned above, Mrs. Smith could have applied to have herself appointed administratrix.