KNOLL, Judge,
dissenting.
For the following reasons, I respectfully dissent from the majority opinion, finding Mrs. Smith timely claimed the marital portion from the succession of her deceased spouse. The sole issue for review is whether Mrs. Smith timely asserted her right to claim the marital portion without filing a formal action in the succession proceedings.
By virtue of Civil Code Article 2432 Mrs. Smith is entitled to claim the marital portion because her husband died rich in comparison to her financial status, therefore, rendering her in necessitous circumstances at the time of her husband’s death. The relevant inquiry is by what method or procedural device must a surviving spouse assert the claim for the marital portion within *19 the three year prescriptive period provided by Civil Code Article 2436?
Historically, our courts have allowed a liberal construction of a “claim” for the marital portion and have not mandated by what precise method a claimant asserts the right to the marital portion. See Succession of Piffet, 39 La.Ann. 556, 2 So. 210 (1887); Succession of Tacon, 186 La. 418, 172 So. 513 (1937) (where the Louisiana Supreme Court held that a separate action by petition was not required to claim the right to the marital portion); Succession of Andrus, 187 La. 931, 175 So. 624 (1937); Successsion of Henry, 287 So.2d 214 (La. App. 3rd Cir.1973); Succession of Lichtentag, 391 So.2d 1382 (La.App. 4th Cir.1980); Breaux v. Domingues, 407 So.2d 1369 (La. App. 3rd Cir.1981). Civil Code Articles 2432-2437 neither restrict nor require the claimant spouse to file a formal “action” by citation and petition in order to claim the marital portion. Under the newly created three year prescriptive period there is no mention made of how prescription may be suspended or interrupted, since no formal action is required.
The majority reads the word “claim” in C.C. Art. 2432 and equates it to the filing of a law suit. When a law is clear and free from all ambiguity, the letter of it is not to be disregarded. LSA-C.C. Art. 13. In my view the equating of “claim” to “judicial action”, as proposed by the majority, is against our civilian tradition and in this instance pauperizes the surviving spouse. Comment (a) under Article 2432 further undermines the majority’s position when it states: “This provision reproduces the substance of the first sentence of Article 2382 of the Louisiana Civil Code of 1870, as interpreted by jurisprudence. It does not change the law.” (Emphasis added.) Likewise, although Act No. 710 of 1979 created a new prescriptive period, Article 2436 did not change the law regarding the assertion of a claim but rather codified the Louisiana jurisprudence interpreting former article 2382 of the Louisiana Civil Code of 1870. See Comment (a) under Article 2436. Therefore, it is clear that Act 710 did not overrule our broad view of the methods by which a surviving spouse claims a marital portion when appropriate circumstances exist.
The record shows that on June 24, 1982, Mrs. Smith filed a petition for notice of application for appointment of an administrator in the succession, and that on November 22, 1982, she asserted her claim to the marital portion in a letter to counsel for decedent’s heirs. No formal action was taken by Mrs. Smith until August 28, 1985, when she filed a petition seeking recognition of her right to a marital portion.
To require a formal action to assert one’s right to a marital portion departs sharply from settled jurisprudence and is contrary to our civilian tradition, since the object of the marital portion is to prevent a surviving spouse from being left in abject poverty after having been accustomed to the decedent’s wealth. See Malone v. Cannon, 215 La. 939, 41 So.2d 837 (1949); Succession of Henry, supra. It was Mrs. Smith’s assertion of her claim within three years of the death of her husband, rather than institution of a formal action, which served to notify interested parties of her right to the marital portion. The claim was therefore timely asserted.