COLE, Justice.
We granted writs in this case to decide whether a surviving spouse must judicially assert a claim to the marital portion within the three year prescriptive period provided for by La.Civ.Code art. 2436.[1]/ We conclude the claim need not be judicially asserted. The surviving spouse need only prove a claim was made within three years of the date of the death. We find, under the facts of this case, the widow has shown adequately she made a claim to the marital portion within the prescriptive period. Accordingly, we reverse the rulings of the lower courts sustaining the peremptory exception.
FACTS
Rollie Ray Smith died intestate on May 29, 1982. He was survived by his wife, Audrey Mclnnis Smith, and a number of collateral relations including siblings and descendants from predeceased siblings. The decedent had no children. The primary asset in this succession, apparently his separate property, consisted of a 76 acre tract and several small structures on it, including a home in which the decedent and his wife were living at the time of his death.
Soon after the death, Mrs. Smith and the heirs retained counsel to protect their respective interests. On June 24, 1982, Mrs. Smith filed a petition asking that she be notified of the filing of an application for the appointment of an administrator of her husband’s succession, stating that as his widow she had an interest in the succession.
As early as October 1982, Mrs. Smith began asserting her claim to the marital portion against the heirs. On October 19, 1982, Mrs. Smith’s attorney advised the attorney for the heirs that Mrs. Smith was claiming the marital portion. Through letters, in November and December 1982, the heirs responded they were aware of Mrs. Smith’s claim to the marital portion and *1097 would be willing to accept a reasonable offer. On December 28, 1982, Mrs. Smith proposed that she receive one-fourth of the estate in full ownership.[2] On January 28, - 1983, the heirs made Mrs. Smith an offer, in writing, of the usufruct of the home and of a small amount of the acreage. These attempts to settle Mrs. Smith’s claim to the marital portion ended without success.
On May 5, 1983, Ruby Smith Roberts, the sister of the decedent, petitioned to be appointed provisional administratrix of the succession and for the taking of an inventory of the property. The court failed to rule on the request to be appointed provisional administratrix. As a result, there was no representative in the succession until more than three years after the date of the death. An inventory was conducted on August 10, 1983, but was not filed in the record until October 2, 1984.
On July 16, 1985, Ruby Smith Roberts petitioned the court to be appointed admin-istratrix of the succession. She also sought to have Mrs. Smith evicted from the home. The court appointed her administra-trix on November 19, 1985, but did not evict Mrs. Smith from the home.
Mrs. Smith sued the heirs to recover the marital portion on August 28, 1985, more than three years from the date of the death. The heirs filed the peremptory exception, raising the objection of prescription on the ground that La.Civ.Code art. 2436 precluded Mrs. Smith from asserting her right to the marital portion. The trial court sustained the exception, and the court of appeal affirmed. Succession of Smith, 505 So.2d 966 (La.App. 3d Cir.1987). The dissenting opinion may be found at 507 So.2d 18 (La.App. 3d Cir.1987) (Knoll, J., dissenting).
DISCUSSION
Prior to 1979, La.Civ.Code art. 2382[3] (repealed by 1979 La.Acts No. 709Í § 1) was the codal source of the surviving spouse’s right to the marital portion. In 1979, as part of the revision of the articles on matrimonial regimes, the legislature enacted Civil Code articles 2432 through 2437 to provide for the marital portion. (1979 La.Acts No. 710). La.Civ.Code art. 2432 states, “When a spouse dies rich in comparison with the surviving spouse, the surviving spouse is entitled to claim the marital portion from the succession of the deceased spouse.” (emphasis ours). At issue in this case is the proper construction to be given to La.Civ.Code art. 2436, which provides the right of the surviving spouse “to claim” the marital portion prescribes three years from the date of death.
The court of appeal held a surviving spouse must judicially assert a claim to the marital portion within three years from date of the death. The court based its holding on the conclusion the jurisprudence requires the claim be judicially urged, as well as its belief the legislature intended the claim be judicially asserted. We discern nothing in the jurisprudence, legislative history, nor in the wording of La.Civ. Code art. 2436 which would require the surviving spouse to assert a claim to the marital portion by a particular method.
The court of appeal proposed that the jurisprudence of this state “clearly states that the right to the marital portion must be judicially urged.” (Id. at 967.) It cited three cases to support this proposition: Succession of Lichtentag, 391 So.2d 1382 (La.App. 4th Cir.1980); Lasseigne v. Laiche, 2 Pelt. 251 (La.App.1919) and Succession of Piffet, 39 La. Ann. 556, 2 So. 210 (1887).
Succession of Piffet and Succession of Lichtentag held where a surviving spouse judicially asserted a claim to the marital portion, then died, the right to recover the marital portion was transmitted to his or her heirs, who could then continue the claim. In Lasseigne, the court was refer *1098 ring to the marital portion as a purely personal right in reaching the conclusion that the ten year prescriptive period governing personal actions applied to it. These cases do not support the proposition a judicial action is the exclusive method of making a claim to the marital portion. To the contrary our jurisprudence reflects an unwillingness to require a surviving spouse to make a claim to the marital portion by any particular method.
In Succession of Piffet, we stated that the principles embodied in the marital portion have “always met with a liberal construction by the courts of all the systems of laws which have enacted a similar provision.” (Id. at 562, 2 So. 210). This liberal approach towards the marital portion has been reflected in our jurisprudence approving the different methods employed in asserting a claim to the marital portion. Indeed, in Succession of Tacón, 186 La. 418, 172 So. 513 (1937), this court held where the succession is under administration, the surviving spouse is not required to bring a separate suit to assert a claim to the marital portion, but may do so by filing an opposition to the final accounting of the administrator of the succession. See also, Succession of Andrus, 187 La. 931, 175 So. 624 (1937).
In Maddox v. Butchee, 203 La. 299, 14 So.2d 4 (1943), we allowed a claim to the marital portion to be made by way of a suit to annul the judgment following the sending of the heirs into possession and an order that the property be sold to effect a partition. Also, in Breaux v. Domingues, 407 So.2d 1369 (La.App. 3d Cir.1981), writ denied, 412 So.2d 1097 (La.1982), it was held a surviving spouse could initiate a suit against the heirs to recover the marital portion even after the heirs had sold the property of the succession to a third party. See, Butchee, 14 So.2d at 8 and Succession of Henry, 287 So.2d 214, at 217 (La.App. 3d Cir.1973), outlining the various methods by which a surviving spouse can assert a claim to the marital portion.
It is clear the courts of this state have not required the surviving spouse to pursue any particular course in asserting a claim to the marital portion. Our jurisprudence reflects a tolerance on the subject, and we have refused to bind the surviving spouse to any particular procedural devices in asserting the claim. Nor do we find a legislative intent to overrule the approach our courts have taken. Rather, we consider the failure of the legislature to develop procedural guidelines for asserting such a claim to be consistent with the liberality of the jurisprudence. Had the legislature intended that the surviving spouse be limited to any particular method or procedural device in asserting the claim, surely it would have expressly so provided.
The legislature has enacted detailed procedural guidelines to govern the assertion of claims against a succession by creditors when the succession is under administration. (See, La.Code Civ.P. arts. 3241 through 3249.) This court has held specifically that the surviving spouse is not a creditor of the succession, and therefore, the procedural steps which must be taken by a creditor in making a claim are not applicable to the surviving spouse. But-chee, 14 So.2d at 8. Thus, there are no exact procedural guidelines for asserting the claim to the marital portion found in the Code of Civil Procedure.
It is in the context of our liberal approach to the methods of asserting claims to the marital portion, coupled with the lack of legislative initiative in establishing procedural guidelines to assert these unique claims, that we construe La.Civ. Code art. 2436. There is nothing in the wording of the articles governing the marital portion to indicate the spouse must undertake any particular steps in asserting a claim to the marital portion. The articles do not require the spouse to institute a formal action against the heirs, nor do they require the spouse to file a claim in the succession proceedings. The articles on the marital portion only reveal the surviving spouse is entitled to claim the marital portion from the succession of the deceased spouse (La.Civ.Code art. 2432) and the right to claim the marital portion prescibes in three years. (La.Civ.Code art. 2436). (emphasis ours.) We believe all our law requires is the spouse must make a claim to the marital portion within three years of the date of the death. The sufficiency of the proof of the claim must be considered on a case by case basis. Admittedly, a timely judicial assertion of the claim affords easy proof confronting prescriptive concerns. However, the development of procedural devices to be used by the spouse in making a claim to the marital portion is a task for the legislature, not the courts. Until the legislature so acts, we will approach the problem not so much from the standpoint of whether a particular method *1099 chosen is the correct one, but rather, whether the surviving spouse can successfully offer sufficient proof that a claim to the marital portion was made within three years of the date of the death.
CONCLUSION
Employing the guideline we have established today, we find the evidence proves overwhelmingly Mrs. Smith made a claim to the marital portion within three years of the date of her husband’s death. There is written evidence Mrs. Smith made a claim to the marital portion. The heirs have admitted Mrs. Smith claimed the marital portion from them in 1982. We therefore hold Mrs. Smith’s claim to the marital portion has not prescribed. We reverse the holding of the lower courts and remand to the trial court to consider the merits of the claim.
REVERSED AND REMANDED TO THE TRIAL COURT.
LEMMON, J., dissents and assigns reasons.

. La.Civ.Code art. 2436 provides: “The right of the surviving spouse to claim the marital portion is personal and nonheritable. This right prescribes three years from the date of death." (emphasis ours),

. Under La.Civ.Code art. 2434, Mrs. Smith was legally entitled to claim the marital fourth in full ownership, since the deceased died without children.

. It provided in part: When the wife has not brought any dowry, or when what she brought as a dowry is inconsiderable with respect to the condition of the husband, if either the husband or the wife die rich, leaving the survivor in necessitous circumstances, the latter has a right to take out of the succession of the deceased what is called the marital portion; that is, the fourth of the succession in full property, if there be no children, and the same portion, in usu-fruct only, when there are but three or a smaller number of children; and if there be more than three children, the surviving, whether husband or wife, shall receive only a child’s share in usufruct, and he is bound to include in this portion what has been left to him as a legacy by the husband or wife, who died first.