LABORDE, Judge.
Plaintiff, Jeannette Hennigan, appeals the judgment of the trial court which sustained an exception of prescription filed by defendant, Clifford James Hennigan. Finding merit in plaintiff’s contentions, we reverse the trial court’s grant of the exception of prescription.
FACTS
On December 3, 1981, Lloyd Hennigan, Sr. died intestate in Calcasieu Parish. He was survived by his second wife (plaintiff) and two sons, Clifford James Hennigan and Lloyd Hennigan, Jr. On December 14, 1982, decedent’s succession was opened with his two sons being put into possession of decedent’s ¾⅛ interest in the family home and contents. (The two had previously inherited the other ⅝ ownership in their mother’s succession.) On June 6, 1984, plaintiff’s attorney sent a letter to the two sons stating that plaintiff intended to pursue her right to the marital portion under La.C.C. arts 2432-2437. The matter was not resolved and plaintiff filed suit against the two sons in Calcasieu Parish. Only Lloyd Hennigan, Jr. received service[1] and he responded by filing a declinatory exception of improper venue. On November 28, 1984, plaintiff filed a similar suit against the two sons in LaSalle Parish. Lloyd Hen-nigan, Jr. responded by filing a declinatory exception of lis pendens. The 28th Judicial District Court (LaSalle Parish) granted the exception of lis pendens. Meanwhile the 14th Judicial District Court (Calcasieu Parish) granted the exception of improper venue. Thus, plaintiff’s Calcasieu Parish suit was transferred to LaSalle Parish on June 5, 1986.
Lloyd Hennigan, Jr. and Clifford James Hennigan then filed peremptory exceptions of prescription in the remaining suit (La-Salle Parish) under La.C.C. art. 2436.[2] The exception of prescription was granted as to Clifford James Hennigan. The trial court relied on La.C.C. art. 3463 in sustaining the exception of prescription.[3] The basis for this holding was that plaintiff failed to appear at a hearing held on the exception of lis pendens. The court thus held that plaintiff effectively abandoned or failed to *794 prosecute the suit by not appearing at the hearing and, therefore, no interruption of prescription occurred.
Plaintiff now appeals claiming that there was not an abandonment or failure to prosecute and that prescription had previously been interrupted by the suit filed on November 28, 1984 in LaSalle Parish. Defendant, however, relies on La.C.C. art. 3462 in asserting that prescription was never interrupted as to Clifford James Hennigan because he was not properly served.[4]
In a supplemental brief to this court, plaintiff contends that the recent case of Succession of Smith, 515 So.2d 1096 (La.1987), is dispositive of the issue at hand. We agree.[5]
SUCCESSION OF SMITH
In Smith the decedent died intestate on May 29, 1982. The court found that as early as October of 1982 his wife began asserting her claim for the marital portion and that his heirs were aware of her claim. She did not file suit to recover the marital portion until August 28, 1985, after the three year prescriptive period of La.C.C. art. 2436 had run. The heirs filed a peremptory exception of prescription which was granted by the trial court and affirmed by this court. However, the Louisiana Supreme Court reversed.
The court first reviewed Louisiana jurisprudence dealing with claims by a surviving spouse to the marital portion. In doing so, the court concluded that no clear-cut procedural guidelines had been developed jurisprudentially or by the legislature for asserting such claims. The court then stated:
“It is in the context of our liberal approach to the methods of asserting claims to the marital portion, coupled with the lack of legislative initiative in establishing procedural guidelines to assert these unique claims, that we construe La.Civ.Code art. 2436. There is nothing in the wording of the articles governing the marital portion to indicate the spouse must undertake any particular steps in asserting a claim to the marital portion. The articles do not require the spouse to institute a formal action against the heirs, nor do they require the spouse to file a claim in the succession proceedings. The articles on the marital portion only reveal the surviving spouse is entitled to claim the marital portion from the succession of the deceased spouse (La.Giv.Code art. 2432) and the right to claim the marital portion prescribes in three years (La.Civ.Code art. 2436) (emphasis ours.) We believe all our law requires is the spouse must make a claim to the marital portion within three years of the date of the death.”
Smith, 515 So.2d at 1098. The court then addressed the issue of what constitutes sufficient proof that a claim was asserted. The court stated:
“The sufficiency of the proof of the claim must be considered on a case by case basis. Admittedly, a timely judicial assertion of the claim affords easy proof confronting prescriptive concerns. However, the development of procedural devices to be used by the spouse in making a claim to the marital portion is a task for the legislature, not the courts. Until the legislature so acts, we will approach the problem not so much from the standpoint of whether a particular method chosen is the correct one, but rather, whether the surviving spouse can successfully offer sufficient proof that a claim to the marital portion was made within three years of the date of the death.”
Id. at 1098-99. The court concluded that the plaintiff sufficiently proved that a claim to the marital portion had been made within the three year time period. The *795 court noted that she had presented written evidence of her claim to the marital portion.
MRS. HENNIGAN’S “CLAIM”
In considering the present matter in light of Smith, we conclude that plaintiff sufficiently proved that she asserted her claim to the marital portion within three years of decedent’s death. The record contains a copy of the letter dated June 6, 1984, and addressed to both sons stating her intention to assert her right to the marital portion. Copies of the petitions filed in Calca-sieu Parish on August 23, 1984, and in LaSalle Parish on November 28, 1984, are also contained in the record. All of these claims were made within 3 years of Lloyd Hennigan, Sr.’s death. We hold that the letter and two lawsuits are sufficient proof that plaintiff asserted her claim against both sons. Thus, the trial court improperly sustained Clifford James Hennigan’s exception of prescription.
For the foregoing reasons the trial ' court’s grant of the exception of prescription of Clifford James Hennigan is reversed and the matter is remanded for further proceedings. Costs of this appeal are taxed to Clifford James Hennigan.
REVERSED AND REMANDED.

. Plaintiff did not attempt to have Clifford James Hennigan served. Apparently, at the time, Clifford was a resident or outpatient of the Louisiana State Hospital in Pineville. Plaintiff attempted to gain information on Clifford’s status through interrogatories filed with the original petition.

. La.C.C. art. 2436 provides:
"The right of the surviving spouse to claim the marital portion is personal and nonherita-ble. This right prescribes three years from the date of death.”

.La.C.C. art. 3463 provides:
"An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at the trial.”

. La.C.C. art. 3462 provides:
"Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.”

. We note that since Smith was not reported until after the ruling by the trial judge, he did not have the benefit of its holding. .