MARVIN, Judge.
Decedent’s widow appeals a judgment sustaining her step-daughter’s exception of prescription and dismissing the widow’s claim for the marital portion against decedent’s estate. C.C. Arts. 2432-2436.
We reverse. Succession of Smith, 515 So.2d 1096 (La.1987); Hennigan v. Succession of Hennigan, 539 So.2d 792, 795 (La.App. 3d Cir.1989).
Decedent died in 1981. In 1982, the stepdaughter began the litigation by suing the unopened succession of decedent and the widow to invalidate decedent’s will and transfers of property. The widow timely answered the step-daughter’s action and first asserted, in the alternative, her claim to the marital portion. The litigation continued and the widow periodically reiterated, against the step-daughter and then against decedent’s succession which was eventually opened in 1986, her claim to the marital portion.
A judgment in 1989, which was not appealed, resolved all issues except the widow’s claim to the marital portion. Until that judgment became definitive, the widow remained in possession of decedent’s property. Thereafter the widow again asserted her claim to the marital portion and was met with the step-daughter’s exception of prescription which was sustained and is here appealed.
Neither litigant cited Succession of Smith, supra, here or below. The trial court’s failure to consider the above circumstances in the light of Smith is therefore understandable. The facts there are similar. Smith’s widow began asserting, among other interests in succession property, her claim to the marital portion, shortly after the death of her husband in 1982. She continued to periodically make this claim with the attorney representing the heirs in the succession. A succession representative was eventually appointed more than three years after Smith’s death. His widow again asserted, her claim to the marital portion and was met with the exception of prescription filed by the heirs. Exercising its supervisory jurisdiction, the supreme court reviewed the law applicable to the assertion of the claim and reversed the judgment sustaining the exception of prescription.
A spouse is not a creditor of the succession. The formal procedural steps that must be taken by a creditor making a claim against the succession (CCP Arts. 3241-3249) need not be .taken by a spouse who claims the marital portion. Neither the legislature nor the courts have required the spouse to make the claim to the marital portion by any particular method or procedure. C.C. Art. 2436 requires only that the surviving spouse make the claim to the marital portion within three years. See also Art. 2432. 515 So.2d at 1098.
Until the legislature provides specific procedures to be followed, the courts will address the issue “not so much [as to] ... whether the particular method chosen [to assert the claim to the marital portion] is the correct one, but ... whether the surviving spouse [proves] that a claim ... was made within three years of the date of the death.” 515 So.2d at 1099.
A surviving spouse’s letter to, and two lawsuits against, each heir of the decedent within the three-year period is sufficient proof that a marital portion claim was timely asserted. Hennigan v. Succession of Hennigan, supra. The sufficiency of proof that the claim was made must be considered on a case by case basis. Smith, supra.
Actual or constructive notice to all of the decedent’s heirs that a surviving spouse is claiming a marital portion may be sufficient to constitute a “claim” for the purposes of C.C. Art. 2436. See Succession of Henry, 287 So.2d 214, 217 (La.App. 3d Cir.1973).
DECREE
The judgment of the trial court is reversed at appellee’s cost. The exception is *1142 overruled. The case is remanded for further proceedings.
REVERSED, RENDERED, AND REMANDED.