Dear Mr. Lampert:
This office is in receipt of your request for an opinion wherein you inquire as to whether the Board of Directors for Rapides Parish's Drug Abuse Resistance Education, Inc. (referred to hereinafter as D.A.R.E.) organization is a public body pursuant to La.R.S. 42:4.2 that is subsequently subject to Louisiana's Open Meetings Laws.
La.R.S. 42:4.2 offers the following definition for a public body:
 "Public body" means village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.
This office understands from information provided within your opinion request that D.A.R.E. is a 501(C)(3) private non-profit corporation. We understand through further research that D.A.R.E. receives its funding by applying for grants from the Louisiana Commission on Law Enforcement (LCLE), which generates its revenues from taxes on tobacco.
The public money given to D.A.R.E. does not alone make it a public body. In Guste v. Nicholls College Foundation, 564 So.2d 682 (La.1990); 592 So.2d 419 (La.App. 1 Cir., 1991), it was established that records of public funds received were open to inspection under the Public Records Act even though the Foundation was held to be private. In your request, the fact that D.A.R.E. receives public funds from a state agency, does not make D.A.R.E. public. However, it is clear that its financial records dealing with the receipt and expenditure of those funds are public and should be open to inspection pursuant to the Public Records Act. See Gustev. Nicholls.
As it relates to the question of whether D.A.R.E. is subject to the Open Meetings Laws, we note as follows: the fact that an entity is ostensibly private is not necessarily dispositive of the question of the applicability of the Open Meetings Laws. La.Atty.Gen.Op. 94-16. This office has rendered previous opinions on Louisiana's Open Meetings Laws as they apply to 501(C)(3) private non-profit corporations. See particularlyLa.Atty.Gen.Op. No. 94-16; La.Atty.Gen.Op. No. 94-259;La.Atty.Gen.Op. No. 79-601. Within the aforementioned opinions, we relied on Louisiana jurisprudence for guidance on the question of whether non-profit corporations should be subject to the Open Meetings Laws. Accordingly, a close examination of Louisiana jurisprudence supports our conclusion, for which explanation follows, that D.A.R.E. is indeed subject to the Open Meetings Laws, La.R.S. 42:4.1 et seq., and should comply therewith.
Specifically, in Seghers v. Community Advancement, Inc., et al.,357 So.2d 626 (La.App. 1 Cir. 1978), the court held that a private non-profit corporation organized to perform the governmental function of administering an anti-poverty program constituted an "authority" within the intendment of the Open Meetings Law, despite being organized under the legal mechanics of private nonprofit corporation law. La.Atty.Gen.Op. No. 94-259. In reaching it's decision, the court noted that the agency in question (1) was organized to perform a governmental function; (2) was supported almost exclusively by tax-derived funds; and (3) set policy for the distribution of such funds. Additionally, the Louisiana Supreme Court in Spain v. Louisiana High School AthleticAssociation, 391 So.2d 1386 (La. 1981) held a private body subject to the Open Meetings Laws because of its function.
In La.Atty.Gen.Op. No. 94-16, this office included Spain andSeghers as part of its analysis, but noted the difference and apparent difficulty with respect to the applicability of the Open Meetings Laws to entities that were not organized solely to perform a governmental function. After review of D.A.R.E.'s By-laws, this office understands that its purpose is to ensure continuity of materials and teaching techniques and to develop, promote, monitor, and evaluate the D.A.R.E. program within Rapides Parish. Therefore, in our opinion, it appears that D.A.R.E. was organized for the performance of a governmental or administrative function. D.A.R.E.'s purpose may be construed to include performance of governmental functions pursuant to La.R.S. 42:4.1, which favors a liberal construction of the Open Meetings Laws. In addition, D.A.R.E. relies exclusively on public monies (tax-derived funds) for the purposes of conducting the D.A.R.E. program and, within its By-laws, has set policy for the receipt, deposit, withdrawal, and expenditure (i.e., funds management) of such funds.
I trust that this adequately responds to your inquiry. If you have any questions, please advise.
Yours very truly,
CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
By:______________________
CHARLES H. BRAUD, JR.
Assistant Attorney General
CCF, Jr./CHB, Jr./dr